IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| WESTERN WATERSHED PROJECT, | ) ) ) | Case No. CV-06-277-E-BLW |
| Plaintiff, | ) ) | |
| v. | ) ) ) | **MEMORANDUM DECISION AND ORDER** |
| U.S. FISH AND WILDLIFE SERVICE, | ) ) ) ) | |
| Defendant. | ) ) | |

Western Watershed Project (WWP) brought this suit against the U.S. Fish & Wildlife Service (the Service) for its failure to list the Greater Sage Grouse under the federal Endangered Species Act (ESA).  Specifically, WWP claims the Service did not follow the ESA requirements.

Fourteen parties seek to intervene in this case.  Because the intervenors cannot claim any interest that relates to the Service's liability, the Court denies the motion to intervene on the merits of the case.  This raises the issue of whether the intervenors should be allowed to intervene for remedy purposes.  If WWP seeks only a remand to the Service for the purpose of conducting a proper process under the ESA, then the intervenors are not allowed to intervene.

**Memorandum Decision and Order - 1**

However, it is unclear to the Court whether WWP is seeking more than just a remand of the Service's determination. WWP may be seeking additional remedies to protect the Sage Grouse. If such remedies are sought, then the intervenors must be allowed input at that point.

Thus, the Court will grant the motion to intervene in part. The Court will allow the intervention only for the purpose of challenging any proposed remedy beyond a remand to the Service.

## ORDER

IT IS HEREBY ORDERED, that the motions to intervene (Docket Nos. 16, 17, 24, 36, 45, 47) be GRANTED IN PART AND DENIED IN PART. They are granted to the extent they seek to intervene only for the purpose of challenging any proposed remedy beyond a remand to the Service for the purpose of conducting a proper process under the ESA. They are denied in all other respects.



DATED: **March 8, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge